**AFFIRMED; Opinion Filed May 1, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00580-CV

### TERENCE E. SUMNER, Appellant
### V.
### HARBOR OWNERS ASSOCIATION, INC. A/K/A HARBORSIDE ESTATES & HARBORVIEW ADDITION, Appellee

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-09417**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Nowell
Opinion by Justice Nowell

Following a bench trial, the trial court rendered judgment in favor of appellee Harbor Owners Association, Inc. (the "HOA"), and filed findings of fact and conclusions of law. In six issues, appellant Terence E. Sumner asserts the evidence is legally and factually insufficient to support five of the trial court's findings of fact, and argues the award of appellate attorney's fees is incorrect. We affirm the trial court's judgment.

FACTUAL BACKGROUND

Sumner owns the property located at 5201 Panama Drive in Rowlett, Texas (the "Property"); the Property is within the HOA. Sumner and the HOA's Board of Trustees (the "Board") had numerous disputes, which began approximately four years after Sumner purchased the Property and continued intermittently for more than a decade. The disputes generally related

to Sumner's failures to maintain the Property and the fines the HOA levied against him. The record includes numerous letters the HOA sent to Sumner in 2012 and 2013 instructing him to:

(1)     remove a dryer stored in the alley;

(2)     repair and repaint his chimney;

(3)     repair and repaint the house trim;[1]

(4)     replace missing shingles from the roof;[2]

(5)     trim the trees;[3]

(6)     mow and edge his yard, including the side yard and back fence line at the alley, and collect and discard all grass clippings;[4]

(7)     remove weeds, trim bushes and trees, and mow and edge lawn;[5]

(8)     mow the lawn;[6]

(9)     treat and remove weeds from the alley and/or side yard;[7]

(10)    "weedeat/line edge in the back of your home";[8]

(11)    replace areas of missing sod;

(12)    repair his fence that was leaning;[9]

(13)    re-stain his fence;[10]  and

(14)    haul away debris piled up on the driveway.

---

[1] The record contains three letters telling Sumner to repair and repaint the trim on his house.

[2] The record contains two letters telling Sumner to replace missing shingles from his roof.

[3] The record contains two letters telling Sumner to trim the trees.

[4] The record contains three letters telling Sumner to mow and edge his yard, including side yard and back fence line at the alley, and collect and discard all grass clippings. The record contains another letter asking Sumner to mow, edge, and maintain the alley at the fence line, including removing weeds.

[5] The record contains six letters telling Sumner to remove weeds, trim bushes and trees, and mow and edge the lawn.

[6] The record contains two letters telling Sumner to mow his lawn.

[7] The record contains two letters telling Sumner to treat and remove weeds from the alley and/or side yard, and another letter instructing Sumner to treat the lawn for weeds.

[8] The record contains three letters telling Sumner to "weedeat/line edge" behind his house.

[9] The record contains six letters telling Sumner to repair his fence that was leaning.

[10] The record contains two letters telling Sumner to re-stain his fence.

The letters state that if the corrective actions are not taken, then fines may be levied. The notices instruct Sumner to refer to Section 6.02 of the HOA's Declarations of Covenants, Conditions and Restrictions, which states:

> 6.02 <u>Maintenance by Owners</u>. Each Owner, at all times, shall maintain, repair and otherwise be responsible for his Lot and the Improvements thereon. . . .

It is uncontested the HOA did not promulgate specific standards for the maintenance and repair of the lots and improvements within the association.

Sumner testified he is responsible for maintaining and repairing his Property. He acknowledged receiving dozens of notices from August 2012 until the lawsuit was filed in August 2016 about violations on his Property. He fixed some problems and not others. However, he believed he maintained the Property, as evidenced by his home remaining standing.

The HOA sued Sumner on August 4, 2016, to collect money owed to the HOA for assessments, fines, interest, and attorney's fees accrued as a result of Sumner's failures to pay his HOA assessments, maintain the Property, and pay fines. Following a bench trial, the trial court entered judgment in favor of the HOA and awarded damages and attorney's fees, including appellate attorney's fees. The trial court also filed findings of fact and conclusions of law. This appeal followed.

LAW & ANALYSIS

In his first five issues, Sumner challenges five of the trial court's findings of fact. In an appeal from a bench trial, the trial court's findings of fact have the same weight as a jury verdict. *Wyde v. Francesconi*, 566 S.W.3d 890, 894 (Tex. App.—Dallas 2018, no pet.). When the appellate record contains a reporter's record, as it does in this case, findings of fact are not conclusive and are binding only if supported by the evidence. *Id*. We review a trial court's findings of fact under the same legal and factual sufficiency of the evidence standards used when determining if sufficient evidence exists to support an answer to a jury question. *Id*. When an appellant

–3–

challenges the legal sufficiency of an adverse finding on which he did not have the burden of proof at trial, he must demonstrate there is no evidence to support the adverse finding. *Id.* When reviewing the record, we determine whether any evidence supports the challenged finding. *Id.* If more than a scintilla of evidence supports the finding, the legal sufficiency challenge fails. *Id.* When an appellant challenges the factual sufficiency of the evidence on an issue, we consider all the evidence supporting and contradicting the finding. *Id.* We set aside the finding for factual insufficiency only if the finding is so contrary to the evidence as to be clearly wrong and manifestly unjust. *Id.* The trial court, as factfinder, is the sole judge of the credibility of the witnesses. *Id.* As long as the evidence falls "within the zone of reasonable disagreement," we will not substitute our judgment for that of the fact-finder. *Id.* (*quoting City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)).

In his first issue, Sumner asserts the evidence does not support the trial court's finding of fact number three, which states: "The Association, at Section 4.09 of the Declaration[,] is granted the right, after notice and opportunity for hearing, to levy fines for infractions of the Declaration." Section 4.09 of the HOA's Declarations of Covenants, Conditions and Restrictions states:

> 4.09     Enforcement. The Association shall have the right, after Notice and Opportunity for Hearing, to levy fines for infraction of the provisions of this Declaration or the Rules and Regulations, provided (i) the Member shall have been warned in writing of the previous infraction within the preceding one (1) year, and (ii) the fine conforms to the provisions of section 9.11.

Although Sumner's first issue is phrased as a challenge to the sufficiency of the evidence supporting finding of fact number three, in his argument, he agrees that Section 4.09 of the Declaration grants the HOA the right to levy fines. His argument is that the Board meeting minutes from January 16, 2013, do not show the Board adopted a fine policy and, therefore, the Board lacked authority to assess fines and collection costs. Sumner does not challenge the amount of the fine.

Section 4.09 grants the HOA the authority to levy fines for infractions of the Declaration after notice and an opportunity for hearing. There is no evidence the HOA lacked this authority. We conclude the evidence is legally and factually sufficient to support the trial court's finding of fact number three.

As to whether the Board adopted a fine policy, there is evidence in the record that it did. The Board discussed the fining policy during the November 2012 board meeting. The minutes from the January 16, 2013 board meeting state: "Discussion held regarding pending fining policy matter . . . Discussion was held on improving the fining letters verbiage, and updating the fining policy and fining schedule." The February 20, 2013 minutes state under the heading "Old Business": "Fining Policy: Filed and will go on PMG website and notification to homeowners." On March 5, 2013, the Board mailed a letter to homeowners and included "your newest Fining Policies." The document included with the letter, which was titled Covenant Enforcement and Fining Policy, was filed on February 14, 2013. The Covenant states it replaces a previous fining policy. Sumner does not point to any evidence in the record showing the Covenant Enforcement and Fining Policy was not adopted and filed or that it was not filed in accordance with relevant provisions of the Texas Property Code.

Based on our review of the record, we conclude more than a scintilla of evidence shows the Board adopted the new fining policy, it was filed in February 2013, and the Board had the authority to assess fines against Sumner. No evidence indicates the policy was not adopted and filed. We overrule Sumner's first issue.

In his second issue, Sumner challenges the legal and factual sufficiency of the evidence to support the trial court's finding of fact number six, which states: "The Defendant violated the Declaration by failing to maintain and repair the property located at 5201 Panama Drive, Rowlett, Texas[,] and failed to pay the Assessments when due." Sumner argues the evidence is insufficient

to show he failed to maintain and repair the Property because there "are no specific guidelines on weeds, yard maintenance, fences, repaint trim, tree trimming, roofs, all of which were fines assessed against Mr. Sumner." He does not challenge the portion of the trial court's finding that he failed to pay his assessment when due.

Section 6.02 of the Declaration requires each owner to "maintain, repair and otherwise be responsible for his Lot and the Improvements thereon." The evidence shows the HOA cited Sumner repeatedly for failures to maintain and repair his Property. The record includes photographs showing the condition of Sumner's Property at various times. Sumner testified he did not comply with several notices because the HOA lacked any maintenance guidelines and he did not know what the HOA wanted him to do. However, based on the evidence, including Sumner's own admissions, the trier of fact—here, the trial court—was free to conclude Sumner did not maintain and repair the Property, even though he proffered a reason for his failures to do so. We conclude more than a scintilla of evidence supports the trial court's finding. Further, the finding is not so contrary to the evidence as to be clearly wrong and manifestly unjust. Therefore, we conclude the evidence is legally and factually sufficient. We overrule Sumner's second issue.

In his third issue, Sumner challenges the sufficiency of the evidence to support the trial court's finding of fact number seven, which states: "The Board approved the fines associated with Mr. Sumner's account." The board's fining policy sets forth the procedures for levying fines against owners who violate the restrictive covenants in the HOA's governing documents. The process includes establishing the existence of a violation, reporting the violation to the lot owner, providing written notice of the violation, and notifying the owner about a fine.

Patrick Mack joined the Board in 2015 and was president of the Board at the time of trial. Mack testified Sumner did not maintain and repair his Property at all times. The Board discussed Sumner's violations "many times" during executive sessions, and the Board authorized the

violation notices sent to Sumner. Mack testified violation letters are only mailed with the Board's express approval. Mack explained the Board discussed fines during executive sessions, not during open meetings, to "respect the privacy of the homeowners" and comply with statutes protecting information of a debtor. For privacy reasons, the Board minutes do not include the owner's name or address of the property being discussed. Board minutes in the record reflect "[d]elinquencies and legal issues" and "[e]nforcement actions" were discussed numerous times during executive sessions.

We conclude more than a scintilla of evidence supports the trial court's finding of fact number seven. Further, the finding is not so contrary to the evidence as to be clearly wrong and manifestly unjust. Therefore, we conclude the evidence is legally and factually sufficient. We overrule Sumner's third issue.

In his fourth issue, Sumner challenges the sufficiency of the evidence to support the trial court's finding of fact number nine, which states: "Defendant, by his own admission in testimony, that [sic] he failed to remedy these violations." Sumner argues the evidence shows he attempted to comply with the HOA's requests for maintenance and repairs, but the HOA did not have any standards with which to comply, and he did not know what the HOA wanted.

Sumner testified he did not comply with several notices from the HOA, including its letters for him to trim the trees, mow and edge the back-alley line and keep it weed-free, and collect the grass clippings. Sumner testified: "Many of [the notices] I did not comply with within the time frame that was mentioned or I did not fully comply because I didn't know what they wanted. . . . I had no guidelines." Although Sumner offered an explanation about why he did not comply with the notices, there is more than a scintilla of evidence to support the trial court's finding that Sumner admitted he did not remedy violations, and the finding is not so contrary to the evidence as to be

clearly wrong and manifestly unjust. Therefore, we conclude the evidence is legally and factually sufficient to support the trial court's ninth finding of fact. We overrule Sumner's fourth issue.

In his fifth issue, Sumner challenges the sufficiency of the evidence to support the trial court's finding of fact number ten, which states: "Due to when payments were received and applied, as directed by the Texas Property Code, Defendant owed delinquent assessments and attorney's fees that were incurred to recover said delinquent assessments at the time the judgment was entered." Sumner asserts the HOA did not apply his payments as required by section 209.0063 of the Texas Property Code. Section 209.0063 states:

(a) Except as provided by Subsection (b),[11] a payment received by a property owners' association from the owner shall be applied to the owner's debt in the following order of priority:
   (1) any delinquent assessments;
   (2) any current assessment;
   (3) any attorney's fees or third party collection costs incurred by the association associated solely with assessments or any other charge that could provide the basis for foreclosure;
   (4) any attorney's fees incurred by the association that are not subject to Subdivision (3);
   (5) any fines assessed by the association; and
   (6) any other amount owed to the association.

TEX. PROPERTY CODE § 209.0063(a).

Leticia Reaux testified she works for the HOA's property management company. On December 28, 2016, Sumner made a payment of $120. At that time, because he was not delinquent on paying any assessments and no current assessments were pending, the payment was applied to unpaid attorney's fees associated with his account. Sumner's HOA assessment due on January 1, 2017, was not paid. Reaux testified about a spreadsheet, which was admitted as an exhibit at trial, showing payments, assessments, late fees, attorney's fees, fines, and collection costs associated with Sumner's account. The spreadsheet reflects how the December 28, 2016 payment was

---

[11] Subsection (b) is not relevant to this litigation.

applied. Although Sumner complains the December 28, 2016 payment should have been applied to his January 1, 2017 assessment, the trial court could have concluded the January 1, 2017 assessment was not due when the December 28 payment was received and, therefore, pursuant to the statute, the HOA was required to apply the payment to outstanding attorney's fees. The spreadsheet also shows Sumner was delinquent in paying assessments and the HOA incurred attorney's fees to collect the delinquent assessments.

We conclude there is more than a scintilla of evidence to support the trial court's finding of fact number ten and the finding is not so contrary to the evidence as to be clearly wrong and manifestly unjust. Therefore, we conclude the evidence is legally and factually sufficient to support the trial court's tenth finding of fact. We overrule Sumner's fifth issue.

In his sixth issue, Sumner asserts the trial court's award of attorney's fees in the amount of $10,000 for an appeal to the Texas Supreme Court "is incorrect as it does not set out the steps in an appeal to the Texas Supreme Court." The trial court's judgment awards the HOA $10,000 in attorney's fees if Sumner unsuccessfully appeals the judgment to this Court and an additional $10,000 if he unsuccessfully appeals to the Texas Supreme Court.

Citing *Sky View at Las Palmas, LLC v. Mendez*, 555 S.W.3d 101 (Tex. 2018), Sumner argues: "The attorney fees for each stage of the appeal must be conditioned on the party awarded the attorney fees to be successful. . . . Without each stage $10,000 for the Petition for review stage is not reasonable." Sumner does not explain how the supreme court's recent opinion supports his argument and shows error in the trial court's judgment. Nothing in that opinion requires the trial court's judgment set forth fees associated with various stages of an appeal to the Texas Supreme Court.

It is well-settled that where attorney's fees are recoverable, the award may include appellate attorney's fees. *Henderson v. Chrisman*, No. 05-14-01507-CV, 2016 WL 1702221, at

*5 (Tex. App.—Dallas Apr. 27, 2016, no pet.). An unconditional award of appellate attorney's fees is improper; therefore, the trial court must condition fees to appellee on appellant's unsuccessful appeal. *Id.* Here, the final judgment awards $10,000 in attorney's fees to the HOA if Sumner "unsuccessfully appeals to the Supreme Court of Texas." Because the award of appellate fees is conditioned on Sumner's unsuccessful appeal, we conclude the trial court's award is not in error. We overrule Sumner's sixth issue.

CONCLUSION

We affirm the trial court's judgment.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

180580F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TERENCE E. SUMNER, Appellant

No. 05-18-00580-CV      V.

HARBOR OWNERS ASSOCIATION,
INC. A/K/A HARBORSIDE ESTATES &
HARBORVIEW ADDITION, Appellee

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-09417.
Opinion delivered by Justice Nowell.
Justices Bridges and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee HARBOR OWNERS ASSOCIATION, INC. A/K/A HARBORSIDE ESTATES & HARBORVIEW ADDITION recover its costs of this appeal from appellant TERENCE E. SUMNER.

Judgment entered this 1st day of May, 2019.